# EXHIBIT A

IN THE SUPERIOR COURT OF GLYNN COUNTY
STATE OF GEORGIA

PAMELA M. TIMBES,

PLAINTIFF,            )

VS.                     )

                          )            CE16-00.001-063

DEUTSCHE BANK NATIONAL TRUST COMPANY, )
AS INDENTURE TRUSTEE FOR AMERICAN HOME)
MORTGAGE INVESTMENT TRUST 2005-3,       )

                          )

OCWEN LOAN SERVICING, LLC,            )            JURY DEMAND

                          )

ALDRIDGE PITE, LLP,                    )
FKA ALDRIDGE CONNERS                   )

                          )

DEFENDANTS.            )

                          )

## COMPLAINT

COMES NOW, Pamela M. Timbes, Plaintiff *Pro Se*, and alleges the following:

## I. JURISDICTION

1. This Court has jurisdiction because Pamela M. Timbes is a resident of Glynn County,

Georgia.  The subject property, is located in Glynn County and the impending foreclosure sale is

scheduled to take place on January 5, 2016 in Glynn County.

## II. PARTIES

2.  Plaintiff, Pamela M. Timbes is a resident of Glynn County Georgia.  Her home is

located at 304 Carnoustie, St. Simons Island, GA  31522.

3.  Defendant, Deutsche Bank National Trust Company as Indenture Trustee for

1

American Home Mortgage Investment Trust 2005-3 has its principal place of business at 1761

East St. Andrew Place, Santa Ana, CA 92705.

    4.  Defendant, OCWEN Loan Servicing, LLC, has its principal place of business at

1661 Worthington Road, ste. #100, West Palm Beach, FL 33409.

    5.  Aldridge Pite, LLP, fka Aldridge Conners, a high-volumn foreclosure firm, has its

principal place of business at 15 Piedmont Center, 3575 Piedmont Road, NE, ste. 500, Atlanta,

GA  30305.

## III.  BACKGROUND

### A. FACTUAL ALLEGATIONS

    6.  In December 2015, Aldridge Pite, LLP, placed an advertisement for foreclosure in The

Brunswick News. (Exhibit )

    7.  The subject property is Timbes' home at 304 Carnoustie, St. Simons Island, GA

31522 .

    8.  An Assignment of Security Deed to Deutsche Bank National Trust Company, as

Indenture Trustee for American Home Mortgage Investment Trust 2005-3 was filed on

December 2, 2010.  Said Assignment was filed five (5) years after the closing date of the trust

which was September 20, 2005.

    9.  Pamela M. Timbes has made numerous requests to Ocwen Loan Servicing,

LLC(formerly American Home Mortgage Servicing, & Homeward Residential), Aldridge Pite,

LLP(formerly Aldridge Connors), Deutsche Bank National Trust Company & also to the Trustee

of the bankrupt American Home Mortgage seeking written proof as to the legal holder of the

security deed.  The Trustee for the bankrupt American Home Mortgage does NOT have Timbes'

file in his records (Exhibit ).  The only response she has received from Ocwen & Aldridge Pite is

the assignment which was robosigned & recorded five (5) years after the closing of the alleged trust.

10. Deutsche Bank admitted in another case that American Home Mortgage did NOT transfer security deeds on time as required. (Exhibit )

11. Aldridge Pite, LLP, in a letter dated June 5, 2015 to The United States Bankruptcy Court, Southern District of GA, Brunswick Division, identified the "secured creditor" as OCWEN LOAN SERVICING, LLC.  There is no assignment to Ocwen.

12. Now, Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-3 is proceeding to foreclosure of the subject property.

## B. MORTGAGE-BACKED SECURITIES TRUSTS

13. Mortgage-backed securities trusts are each governed by Pooling and Service Agreements ("PSAs") and other documents. The PSA establishes most of the duties of various entities involved in the creation and operation of the trust.

14. Each trust has a Trustee.  One of the most significant duties of the trustee and/or custodian on behalf of the trustee is to ensure the conveyance of the mortgages and notes from the depositor to the trust. This conveyance is done via mortgage assignments.

15. The trusts represent to purchasers of their securities that the notes and mortgages (bundled to form the asset pool of the trust) will be delivered with assignments to the trust in recordable form, so that they will be able to foreclose on the assets in the event of default.  As was the case with the American Home Mortgage Investment Trust 2005-3, the PSA contains the representation that the trustee and/or custodian will review all the mortgage files and certify that all of the documents, including each mortgage assignment, are accounted for.

16.  Despite the trusts' representations, many of the mortgage documents were not delivered at all to the trustee or, if delivered, were allegedly lost or misplaced.

17.  Nevertheless, the trustees, custodians, depositors, and servicers of the MBS Trusts routinely provided certifications of compliance, falsely asserting that they had fulfilled their obligations as mandated by the Securities and Exchange Commission ("SEC") Regulation AB as well as the prospectuses and PSAs.  Without the valid mortgage assignments and properly endorsed notes, the trustee is unable to establish clear chain-of-title to pursue a foreclosure action.  Rather than disclosing the missing loan documentation problem to homeowners and courts, the Defendants routinely filed fraudulent mortgage notes and assignments in court to support their foreclosure cases.

18.  Defendant Deutsche Bank has utilized fraudulent mortgage assignment to the trust of Timbes' loan alleged to be in the loan pool of American Home Mortgage Investment Trust 2005-3.

**C. FRAUDULENT DOCUMENTS WERE CREATED IN ORDER TO FORECLOSE.**

19.  The Assignment of Security Deed recorded December 2, 2010 (Exhibit A) was prepared & signed by Lender Processing Services (LPS).  LPS is a known document fabricator for lenders & law firms.  Michelle Halyard & Elizabeth Boulton signed as assistant secretary; they are simply empoyees of LPS with no authority.  American Home Mortgage filed a lawsuit against Lender Processing Services (LPS) for robo signing.  The FDIC also filed suit against LPS for other frauds.

## D. STATEMENTS IN TRUST PROSPECTUS OF THE AMERICAN HOME MORTGAGE INVESTMENT TRUST 2005-3

20.  The prospectus states that as of the Cut-Off date[1], the Depositor will cause the Mortgage Loans to be assigned to the custodian for the benefit of the certificate holders. Further, the section titled "Delivery of Mortgage Loan Documents" in the prospectus (Exhibit B) provides in connection with the transfer and assignment of each mortgage loan to the trust, the depositor will cause to be delivered to the custodian, **on or before the closing date, the mortgage assignment(s), showing a complete chain of assignment from the originator of the related mortgage loan to the last endorsee.**  And pursuant to the master servicing and trust agreement, **the trustee [Deustche Bank] will deliver on or prior to the closing date an acknowledgment of receipt of the original mortgage note, of the mortgage loans delivered to the custodian, with any exceptions noted.**

## IV.  CAUSES OF ACTION

### COUNT I:  FRAUD UPON THE COURT

21.  The allegations in each of the above paragraphs are incorporated by reference here.

22.  An Assignment of Security Deed to Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-3 was filed on December 2, 2010.  Said Assignment was filed five (5) years after the closing date of the trust which was September 20, 2005.

23.  Pamela M. Timbes has made numerous requests to Ocwen Loan Servicing, LLC(formerly American Home Mortgage Servicing, & Homeward Residential), Aldridge Pite,

---

[1]      Defined in the PSA and prospectus as September 20, 2005.

5

LLP(formerly Aldridge Connors), Deutsche Bank National Trust Company & also to the Trustee of the bankrupt American Home Mortgage seeking written proof as to the legal holder of the security deed. The Trustee for the bankrupt American Home Mortgage does NOT have her file in his records (Exhibit ). The only response she has received from Ocwen & Aldridge Pite is the assignment which was robosigned & recorded five (5) years after the closing of the alleged trust.

24. Deutsche Bank admitted in another case that American Home Mortgage did NOT transfer security deeds on time as required. (Exhibit )

25. Aldridge Pite, LLP, in a letter dated June 5, 2015 to The United States Bankruptcy Court, Southern District of GA, Brunswick Division, identified the "secured creditor" as OCWEN LOAN SERVICING, LLC. There is no assignment to Ocwen. Now they are foreclosing under Deutsche Bank; however, Deutsche Bank doesn't even know it. Aldridge Pite, LLP is acting on instructions from Ocwen. (Exhibit

26. Rather than disclosing that Timbes' loan was never delivered to American Home Mortgage Investment Trust 2005-3, Aldrich Pike and OCWEN chose to commit fraud upon the Court as set forth above in order to proceed to foreclosure of Timbes' property.

27. As a result of the Defendants' fraudulent conduct, Plaintiff has suffered compensatory, general and special damages in an amount according to proof at trial. Additionally, the Defendants acted with malice, fraud and/or oppression and, thus, Plaintiff is entitled to an award of punitive damages.

## COUNT II:
### VOID ASSIGNMENT OF DEED TO SECURE DEBT FILED IN COUNTY RECORDS

28. The allegations in each of the above paragraphs are incorporated by reference here.

29. The Assignment of Deed to Secure Debt does not comport with the requirements of the Trust's governing documents and for the reasons more particularly described below, this assignment is void *ab initio*. "Assignment" filed December 2, 2010 is attached and incorporated herein as Exhibit A.

30. Assignment purports to transfer to Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2005-3 all right, title, interest, powers and options in, to and under that certain Deed to Secure Debt.

31. This Assignment of Deed to Secure Debt does not represent a true purchase and sale of Timbes' Note and Security Deed from the Lender to a bona fide purchaser for value. Rather, this Assignment was fabricated to create the impression in the public records that Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2005-3 had the legal right to foreclose the Timbes' Property.

32. As established above, the Master Servicing and Trust Agreement ("PSA") for the American Home Mortgage Investment Trust 2005-3 prohibits anyone other than the Depositor from transferring the Mortgage Loans into the Trust Fund which was to have been done by the cut-off date of September 20, 2005.

33. All Assignments were to have been delivered to the custodian on or before the closing date of September 20, 2005. *See* Exhibit

34. The subject Assignment was prepared, executed and recorded  five (5) years after the closing date of the trust rendering it void *ab initio* pursuant to N.Y. Est. Powers & Trusts Law § 7-2.4.

In Saldivar v. JPMorgan Chase Bank, N.A. (In re Saldivar), No. 11–10689, 2013 WL 2452699

(Bankr. S.D. Tex. June 5, 2013) the Court held:

> A third party generally lacks standing to challenge the validity of an assignment.
> Bank of American Nat'l Assoc. v. Bassman FBT, L.L.C., et al. 981 N.E.2d 1, 7
> (Ill. App. Ct. 2012). A borrower may however raise a defense to an assignment, if
> that defense renders the assignment void. Id. The parties agree that under New
> York Trust Law the relevant statute provides the following: "If the trust is
> expressed in the instrument creating the estate of the trustee, every sale,
> conveyance or other act of the trustee in contravention of the trust, except as
> authorized by this article and by any other provision of law, is void." N.Y. Est.
> Powers & Trusts Law § 7-2.4.
> ………
>
> Under 28 U.S.C. § 1652, this Court has the duty to apply New York law in
> accordance with the controlling decision of the highest state court. Royal Bank of
> Canada v. Trentham Corp., 665 F.2d 515, 516 (5th Cir. 1981). While the Court
> finds no applicable New York Court of Appeals decision, a recent New York
> Supreme Court decision is factually similar to the case before the Court. See
> Wells Fargo Bank, N.A. v. Erobobo, et al., 2013 WL 1831799 (N.Y. Sup. Ct.
> April 29, 2013). In Erobobo, defendants argued that plaintiff (a REMIC trust) was
> not the owner of the note because plaintiff obtained the note and mortgage after
> the trust had closed in violation of the terms of the PSA governing the trust,
> rendering plaintiff's acquisition of the note void. Id. at *2. The Erobobo court
> held that under § 7-2.4, any conveyance in contravention of the PSA is void; this
> meant that acceptance of the note and mortgage by the trustee after the date the
> trust closed rendered the transfer void. Id. at 8. Based on the Erobobo decision
> and the plain language of N.Y. Est. Powers & Trusts Law § 7-2.4, the Court finds
> that under New York law, assignment of the Saldivars' Note after the start up day
> is void ab initio. As such, none of the Saldivars' claims will be dismissed for lack
> of standing.

35. As established above, the Assignment is void because:

i. it contains false statements, misrepresentations, and omissions of material facts;

ii. it is void *ab initio* by New York law; and

iii. it is intentionally deceptive and was crafted for an illegal purpose i.e., to wrongfully foreclose
the Timbes' Property by a party who did not have the legal standing to do so.

36. Plaintiff is therefore entitled to an order that the Assignment is void *ab initio* and
canceling such Assignment in the Glynn County records.

## COUNT III: WRONGFUL FORECLOSURE

37. The allegations in each of the above paragraphs are incorporated by reference here.

38. Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2005-3 has no authority to enforce any action on Timbes' security deed, because the Assignment is void *ab initio* as established above.

39. Assignment of Security Deed which purportedly secured the Note and served as the basis for a claim to have the right to conduct a non-judicial foreclosure, was at all times void.

40. "The security instrument or assignment thereof **vesting the secured creditor with title to the security instrument** shall be filed ..." in order to proceed to foreclosure sale under O.C.G.A. § 44-14-162(b).

41. By failing to establish a real party in interest with standing to proceed to foreclosure and having failed to provide proof of valid assignment of the security instrument, the parties initiating foreclosure have (a) failed to assert the essential elements to enforce the note and security deed and (b) have failed to establish a prima facie case in which the burden should shift to the Smiths to defend.

42. If Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2005-3 is unable to sustain its burden of proof for a prima facie case, then Judgment should be entered in favor of Timbes.

43. A court may enjoin a non-judicial foreclosure sale where the authority to foreclose is in question. See Atlanta Dwellings, Inc. v. Wright, 527 S.E.2d 854, 856 (Ga. 2000); West v. Koufman, 384 S.E.2d at 666; Cotton v. First Nat'l Bank of Gwinnett Co., 220 S.E.2d 132 (Ga. 1975).

44. Plaintiff is entitled to injunctive relief until such time as Deutsche Bank National

Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2005-3 can

sustain its burden of proof to proceed to foreclosure of Timbes' Security Deed.

45.  As a result of the Defendants' wrongful foreclosure and/ or attempted wrongful

foreclosure, Plaintiff has suffered compensatory, general and special damages in an amount

according to proof at trial.  Additionally, the Defendants acted with malice, fraud and/or

oppression and, thus, Plaintiff is entitled to an award of punitive damages.

**COUNT IV:**
**VIOLATION OF GEORGIA RICO ACT AND FEDERAL RICO STATUTES**
**Including**
**MORTGAGE FRAUD**

**ALL DEFENDANTS**

46.  The allegations in each of the above paragraphs are incorporated by reference here.

47.  Defendants' systematic abusive foreclosure practices include preparation, execution

and notarization of fraudulent court documents and property records used, *inter alia*, to initiate

and prosecute foreclosure actions in the name of entities without legal standing to sue.

48.  With speed and profit as their paramount objectives, Defendants file foreclosures

without undertaking even rudimentary investigation of basic facts concerning mortgage

ownership and legal standing.

49.  To create an illusion of mortgage ownership and standing, Defendants systematically

create and use falsified mortgage assignments and other property systematically employed in

prosecuting foreclosure actions and in thereby obtaining millions of dollars in foreclosure-related

fees.

50.  Defendants' false and misleading statements concerning mortgage ownership and

legal standing operate as a fraud on the judicial system.

51. The fraudulent schemes have been undertaken on an institutionalized basis through the knowing participation and coordination of each Defendant.

52. Georgia defines Mortgage Fraud as when a person "[k]nowingly makes a deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intention that [the false information] be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process [including negotiation and servicing]."[2]

53. Further, a violation of the statute occurs when a person uses or facilitates the use of such false information with the intent that the false information be used by anyone during the mortgage lending process.[3]

54. Violation of the statute occurs when any written instrument that contains a deliberate misstatement, misrepresentation, or omission is recorded in the real estate records of any Georgia county.[4]

55. The statute provides that "[a]ll real and personal property . . . used or intended for use in the course of [the crime] derived from, or realized through a violation, . . . is subject to forfeiture . . . ."[5]

56. The statute defines residential mortgage fraud as a specific act which maybe prosecuted either criminally or civilly pursuant to the Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO").[6]

57. In the lexicon of identity theft, a "breeder document" is the alpha-document, genuine or fraudulent, that can serve as a basis to obtain other identification documents or benefits

---

[2]     O.C.G.A. § 16-8-102(1).
[3]     O.C.G.A. § 16-8-102(2).
[4]     O.C.G.A. § 16-8-102(5).
[5]     O.C.G.A. § 16-8-106
[6]     O.C.G.A. § 16-14-3(9)(A)(xxxx) (2010). See O.C.G.A. §§ 16-14-1 to -15(2010).

fraudulently.

58.  Translating this concept into the realm of foreclosure fraud, a fabricated assignment of mortgage is the most frequently used "breeder document" because it grants a title interest in the underlying real property to the defrauding party, and serves as the basis for obtaining other documents necessary to extinguish the property owner's rights and transfer full legal and equitable title as well as possession to the defrauding party.

59.  Plaintiff alleges the following predicate offenses for their Georgia RICO claims: theft by taking in violation of O.C.G.A. § 16-8-2, theft by deception in violation of O.C.G.A. § 16-8-3, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343 and residential mortgage fraud in violation of O.C.G.A. § 16-8-102.

60.  As a result of the Defendants' fraudulent conduct, Plaintiff has suffered compensatory, general and special damages in an amount according to proof at trial.

61.  Under RICO Plaintiff is entitled to treble damages and forfeiture by Defendants of any claim to the Security Deed and the property secured thereby.

62.  Additionally, the Defendants acted with malice, fraud and/or oppression and, thus, Plaintiffs are entitled to an award of punitive damages.

## COUNT V:
### VIOLATION OF THE FEDERAL DEBT COLLECTION PROTECTION ACT

### DEFENDANT: ALDRIDGE PIKE, LLP

63.  The allegations in each of the above paragraphs are incorporated by reference here.

64.  The FDCPA, among other things, mandates that, as part of noticing a debt, a "debt collector" must "send the consumer a written notice containing"—along with other information—"the name of the creditor to whom the debt is owed [.]" 15 U.S.C. § 1692g(a)(2).

In addition, the Act prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

65. As established above, the representation that foreclosure proceedings were being instituted or would be initiated in the name Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2005-3 as secured creditor is a "false, deceptive, or misleading representation" in connection with the collection of a debt.

66. Aldridge Pite, LLP made false, deceptive or misleading statement multiple times, as set forth above.

67. The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person " for potential damages and costs. 15 U.S.C. § 1692k(a).

68. Plaintiff is entitled to damages and costs to be determined at trial.

## V. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

A. Defendants' conduct be determined to constitute fraud upon the Court;

B. Defendants' conduct be determined to constitute wrongful foreclosure;

C. Defendants' conduct be determined to have violated the Federal RICO Statutes and Georgia Racketeer Influenced and Corruption Organizations Act, including but not limited to Mortgage Fraud, O.C.G.A. §§ 16-14-1 to -15.

D. Defendants' conduct be determined to have violated Federal Debt Collection Protection Act, 15 U.S.C. § 1692.

E. Judgment be entered canceling the void Assignment of Security Deed filed in the Glynn County records.

F.  Judgment be entered against Defendants for damages sustained by the Plaintiff to the maximum extent allowed by law, including punitive damages, together with the costs of this action.

G.  Judgment be entered against Defendants ordering forfeiture of any claim to the subject Security Deed and the property secured thereby.

H.  Judgment be entered granting a permanent injunction barring Defendants from proceeding with a non-judicial foreclosure.

I.  Plaintiff be given other relief that the Court may deem just and proper.

## VI.  REQUEST FOR A TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims which qualify.

Respectfully submitted this 4th day of January, 2016.

Pamela M. Timbes
Plaintiff Pro Se

304 Carnoustie
St. Simons Island, Georgia  31522
(912) 222-6773
ptimbes@gmail.com

14

Deed Book 2801 Page 247, Filed and Recorded 12/02/2010 at 10:45:12 AM
CFN #6320I0012637   Lola Jamsky Clerk of Superior Court   Glynn County,
GA

When Recorded, Return to:
Attn: Anthony DeMaria/Foreclosure Depvtsm
McCurdy & Candler, L.L.C.
3125 Piedmont Road NE, Six Piedmont Center, Suite 700
Atlanta, GA 30305

STATE OF ____Florida____          File No. 10-20032

COUNTY OF ____Duval____           MIN# 100314000008793076

### ASSIGNMENT OF SECURITY DEED

FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc. as nominee
for American Home Mortgage Acceptance, Inc., its successors and assigns (hereinafter referred
to as "Assignor") hereby sells, assigns, transfers, sets over and conveys without recourse unto
Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage
Investment Trust 2005-3 (hereinafter referred to as "Assignee"), whose address is 6591 Irvine
Center Drive Irvine, CA 92618, that certain Security Deed or Deed to Secure Debt executed by
Pamela M. Timbes  to Mortgage Electronic Registration Systems, Inc. as nominee for American
Home Mortgage Acceptance, Inc., its successors and assigns  and dated June 23, 2005, recorded
in Deed Book 1706, Page 178, Clerk's Office, Superior Court of Glynn  County, Georgia,
together with the real property therein described; and also the indebtedness described in said
Deed and secured thereby,  having this day been transferred and assigned to the said Assignee
together with all of Assignor's right, title and interest in and to the said Deed, the property
therein described and the indebtedness secured; and the said Assignee is hereby subrogated to all
the rights, powers, privileges and securities vested in Assignor under and by virtue of the
aforesaid Security Deed or Deed to Secure Debt.

Deed Book 2801 Page 248

File No. 10-20032 MIN# 100314000008793076

This Assignment of Security Deed is executed on this _19_ day of _November_ , 20_10_.

Signed, sealed and delivered
in the presence of:

Mortgage Electronic Registration Systems, Inc. as nominee for American Home Mortgage Acceptance, Inc., its successors and assigns

By: _____   Elizabeth Boulton
Its:   Assistant Secretary

By: _____   Michelle Halyard
Its:   Assistant Secretary

Unofficial Witness Sabrinia Wyap

Notary Public

My Commission Expires _4-30-2013_

NOTARY PUBLIC-STATE OF FLORIDA
Brenda L. Frazier
Commission # DD885641
Expires: APR. 30, 2013
BONDED THRU ATLANTIC BONDING CO., INC.

Posted on August 23, 2011 by Yves Smith

Wow, Jones Day just created a huge mess for its client and banks generally if anyone is alert enough to act on it.

The lawsuit in question is American Home Mortgage Servicing Inc. v Lender Processing Services. It hasn't gotten all that much attention (unless you are on the LPS deathwatch beat) because to most, it looks like yet another beauty contest between Cinderella's two ugly sisters.

AHMSI is a servicer (the successor to Option One, and it may also still have some Ameriquest servicing). AHMSI is mad at LPS because LPS was supposed to prepare certain types of documentation AHMSI used in foreclosures. AHMSI authorized the use of certain designated staffers signing with the authority of AHSI (what we call robosinging, since the people signing these documents didn't have personal knowledge, which is required if any of the documents were affidavits). But it did not authorize the use of surrogate signers, which were (I kid you not) people hired to forge the signatures of robosigners.

The lawsuit rather matter of factly makes a stunning admission (note that PSA here means Professional Services Agreement, and it was the contract between AHSI and LPS, click to enlarge):

19.     Amendment 1 formalized what AHMSI and Defendants had been doing, and continued to do, under the PSA. Before initiating a foreclosure action for a particular property, AHMSI's local foreclosure counsel would review a title report to determine whether an assignment of mortgage needed to be recorded in the local land records at some point during a foreclosure proceeding in order to memorialize the transfer of ownership from the originating lender to the securitization trust. If so, foreclosure counsel would request an assignment on LPS's computerized foreclosure tracking system known as "LPS Desktop." Upon receiving this request, Defendants prepared the assignment based on the relevant jurisdiction's requirements and, through the system, notified local counsel that it was ready for review. If local counsel approved, the Special Officers appointed by AHMSI were authorized to sign for the assignor, and Defendants' representatives then notarized the completed assignments. When completed, Defendants would send the executed assignment documents, as well as the recording fee, to an abstractor in the relevant jurisdiction, who would hand-carry the items to the county recorder with instructions to return the recorded assignments to Defendants. Defendants employed this process to prepare, execute and record thousands of assignments for AHMSI throughout the United States, including in Texas.

Did you get it? They said that these procedures were standard between the two companie
which was to "..to memorialize the transfer of ownership lender to the securitization trust"
before initiating foreclosure. If you are a regular reader of this blog, you know that is
impermissibly late. The note and mortgage had to get to the trust by a clearly specified da
usually 90 days after closing. As we've written numerous times, in the overwhelming majo
cases, the securitization entity was a New York trust, and New York trusts are like comput

code, they can only operate exactly as stipulated. The exception was trusts by Chase and
WaMu, which did allow for the originator to serve as custodian for the trust.

So AHMSI has just admitted that all of its foreclosures done with LPS were completed by the
wrong party. In Alabama, wrongful foreclosures are subject to statutory damages of three time
the value of the house, and recent cases have awarded much higher multiples of the property
value. This little paragraph is a litigation goldmine for the right attorneys. I hope they have fun
with it.

I've included the entire filing.

AHMSI v LPS File-Stamped Petition

The Brunswick News



THE BRUNSWICK NEWS

Publication Name:
**The Brunswick News**

Publication URL:

Publication City and State:
**Brunswick, GA**

Publication County:
**Glynn**

---

Notice Popular Keyword Category:

Notice Keywords:
**Foreclosures**

Notice Authentication Number:
**20160104081326 1527845
1136338044**

Notice URL:

Notice Publish Date:
Saturday, January 02, 2016

**Notice Content**

NOTICE OF SALE UNDER POWER, GLYNN COUNTY Pursuant to the Power of Sale contained in a Security Deed given by Pamela M Timbes to Mortgage Electronic Registration Systems, Inc. as nominee for American Home Mortgage Acceptance, Inc. dated 6/23/2005 and recorded in Deed Book 1706 Page 178, Glynn County, Georgia records; as last transferred to or acquired by Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-3, conveying the after-described property to secure a Note in the original principal amount of $ 771,000.00, with interest at the rate specified therein, there will be sold by the undersigned at public outcry to the highest bidder for cash before the Courthouse door of Glynn County, Georgia, within the legal hours of sale on January 05, 2016 (being the first Tuesday of said month unless said date falls on a Federal Holiday), the following described property: ALL that certain lot, tract or parcel of land situate, lying and being in St. Simons Island Club Subdivision, Phase IX, on St. Simons Island, in Glynn County, Georgia, Described and identified according to the map and plan of said subdivision made by George P. Underwood, Jr., Georgia Registered Surveyor No. 1927, dated April 7, 1988, and recorded in Plat Drawer No. 20, designated at Map No. 224, in the Office of the Clerk of the Superior Court of Glynn County, Georgia, as ALL OF LOT NUMBERED SEVEN (7), ST. SIMONS ISLAND CLUB SUBDIVISION, PHASE IX. Reference is hereby made to said map and plan and to the record thereof for further description and identification of said real property and for all other purposes. The debt secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Security Deed and by law, including attorney's fees (notice of intent to collect attorney's fees having been given). Said property is commonly known as 304 Carnoustie, Saint Simons Island, GA 31522 together with all fixtures and personal property attached to and constituting a part of said property, if any. To the best knowledge and belief of the undersigned, the party (or parties) in possession of the subject property is (are): Pamela M Timbes or tenant or tenants. Ocwen Loan Servicing, LLC is the entity or individual designated who shall have full authority to negotiate, amend and modify all terms of the mortgage. Ocwen Loan Servicing, LLC Foreclosure Loss Mitigation 1661 Worthington Road Suite 100 West Palm Beach, FL 33409 1-877-596-8580 Note, however, that such entity or individual is not required by law to negotiate, amend or modify the terms of the loan. Said property will be sold subject to: (a) any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), (b) unpaid water or sewage bills that constitute a lien against the property whether due and payable or not yet due and payable and which may not be of record, (c) the right of redemption of any taxing authority, (d) any matters which might be disclosed by an accurate survey and inspection of the property, and (e) any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above. The sale will be conducted subject to (1) confirmation that the sale is not prohibited under the U.S. Bankruptcy Code; and (2) final confirmation and audit of the status of the loan with the holder of the Security Deed. Pursuant to O.C.G.A. Section 9-13-172.1, which allows for certain procedures regarding the rescission of judicial and non-judicial sales in the State of Georgia, the Deed Under Power and other foreclosure documents may not be provided until final confirmation and audit of the status of the loan as provided immediately above. Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-3 as agent and Attorney in Fact for Pamela M Timbes Aldridge Pite, LLP (formerly known as Aldridge

Connors, LLP), 15 Piedmont Center, 3575 Piedmont Road, N.E., Suite 500, Atlanta, Georgia 30305, (404) 994-7400. 1017-660999A THIS LAW FIRM MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. 1017-660999A

Back

424B5 1 d377664_424b-5.htm AMERICAN HOME MORTGAGE SECURITIES LLC

**Prospectus supplement dated September 19, 2005 (to prospectus dated September 19, 2005)**

**$722,234,000**
**(Approximate)**

**[Logo]**

**American Home Mortgage Investment Trust 2005-3**
**Issuer**

**American Home Mortgage Servicing, Inc.**

**Servicer**

**American Home Mortgage Securities LLC**
**Depositor**

**American Home Mortgage Investment Trust 2005-3,**
**Mortgage-Backed Notes, Series 2005-3**

---

You should consider carefully the risk factors beginning on page S-11 in this prospectus supplement.

**The Trust**

The trust will consist primarily of a pool of fixed-rate and adjustable-rate mortgage loans, divided into three loan groups. The trust will issue seventeen classes of notes, fourteen of which are offered under this prospectus supplement.

**Credit Enhancement**

The notes will have credit enhancement in the form of:

- excess interest and overcollateralization;

- subordination provided to some classes of notes by other classes of notes as described in this prospectus supplement; and

- limited cross-collateralization as described in this prospectus supplement.

In addition, derivatives will be included in the trust which will cover some basis risk shortfalls on some classes of notes.

**Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of these securities or passed upon the adequacy of this prospectus. Any representation to the contrary is a criminal offense.**

**The Attorney General of the state of New York has not passed on or endorsed the merits of this offering. Any representation to the contrary is unlawful.**

UBS Securities LLC, Credit Suisse First Boston LLC, Goldman, Sachs & Co., Lehman Brothers Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated will offer the Class A, Class M-1, Class M-2, Class M-3 and Class M-4 Notes to the public, at varying prices to be determined at the time of sale. The proceeds to the depositor from the offering will be approximately 100.00% of the aggregate note principal balance of these notes, plus interest from the cut-off date on the Class II-A-2, Class II-A-3, Class II-A-4, Class III-A-1, Class III-A-3 and Class III-A-4 Notes. The expenses of the depositor are estimated to be $825,000. See "Method of Distribution" in this prospectus supplement.

**UBS Investment Bank**
    **Credit Suisse First Boston**
        **Goldman, Sachs & Co.**
            **Lehman Brothers**
                **Merrill Lynch & Co.**

**Important notice about information presented in this prospectus supplement
and the accompanying prospectus**

**You should rely only on the information contained in this document. We have not authorized anyone to provide you with different information.**

**We provide information to you about the notes in two separate documents that progressively provide more detail:**

- the accompanying prospectus, which provides general information, some of which may not apply to this series of notes; and
- this prospectus supplement, which describes the specific terms of this series of notes.

**If the description of your notes in this prospectus supplement differs from the related description in the prospectus, you should rely on the information in this prospectus supplement.**

The depositor's principal executive offices are located at 538 Broadhollow Road, Melville, New York 11747 and its phone number is (877) 281-5500.

**TABLE OF CONTENTS**

**PROSPECTUS SUPPLEMENT**

SUMMARY OF PROSPECTUS SUPPLEMENT

RISK FACTORS

THE MORTGAGE POOL
   General
   Indices on Certain of the Mortgage Loans
   Mortgage Loan Characteristics

THE MASTER SERVICER AND THE SERVICER
   Master Servicer
   Servicer

MORTGAGE LOAN ORIGINATION

ADDITIONAL INFORMATION

DESCRIPTION OF THE NOTES
   General
   Book-Entry Notes
   Interest Payments
   Principal Payments
   Overcollateralization Provisions
   Calculation of LIBOR for the LIBOR Notes
   The Derivative Contracts
   Allocation of Losses on the Mortgage Loans

YIELD ON THE NOTES
   General
   Prepayment Considerations
   Allocation of Principal Payments
   Interest Shortfalls and Realized Losses
   Note Interest Rates
   Purchase Price
   Class III-A-1 Notes Yield Considerations
   Final Scheduled Payment Date
   Optional Termination
   Weighted Average Life
   Yield Sensitivity of the Class I-A-2, Class M-1, Class M-2, Class M-3 and Class M-4 Notes

THE ISSUER

THE OWNER TRUSTEE

THE INDENTURE TRUSTEE

THE SECURITIES ADMINISTRATOR

THE MASTER SERVICING AGREEMENT AND SERVICING AGREEMENT
   Servicing and Other Compensation And Payment of Expenses
   Realization Upon Defaulted Mortgage Loans
   The Protected Accounts
   Optional Repurchase of Defaulted Mortgage Loans
   Pledge and Assignment of Servicer's Rights

THE INDENTURE
   General
   Rights Upon Event of Default
   Limitation on Suits
   Resignation and Removal of Indenture Trustee
   Optional Termination
ASSIGNMENT OF LOANS
   General
FEDERAL INCOME TAX CONSEQUENCES
   Tax Classification of the Trust and of the Notes
   Tax Consequences to Holders of the Notes
METHOD OF DISTRIBUTION
SECONDARY MARKET
LEGAL OPINIONS
RATINGS
LEGAL INVESTMENT
ERISA CONSIDERATIONS
GLOSSARY
ANNEX I
SCHEDULE A

## SUMMARY OF PROSPECTUS SUPPLEMENT

The following summary is a very broad overview of the notes and does not contain all of the information that you should consider in making your investment decision. To understand all of the terms of the notes, read carefully this entire prospectus supplement and the entire accompanying prospectus. A glossary is included at the end of this prospectus supplement. Capitalized terms used but not defined in the glossary at the end of this prospectus supplement have the meanings assigned to them in the glossary at the end of the accompanying prospectus.

| | |
|---|---|
| Issuer or Trust | American Home Mortgage Investment Trust 2005-3. |
| Title of Series | Mortgage-Backed Notes, Series 2005-3. |
| Cut-off Date | September 1, 2005. |
| Closing Date | On or about September 20, 2005. |
| Depositor | American Home Mortgage Securities LLC. |
| Seller | American Home Mortgage Acceptance, Inc., an affiliate of the depositor and the servicer. |
| Master Servicer | Wells Fargo Bank, National Association. |
| Servicer | American Home Mortgage Servicing, Inc. |
| Indenture Trustee | Deutsche Bank National Trust Company. |
| Owner Trustee | Wilmington Trust Company. |
| Securities Administrator | Wells Fargo Bank, National Association. |
| Payment Dates | Payments on the notes will be made on the 25th day of each month, or, if such day is not a business day, on the next succeeding business day, beginning in October 2005. |
| Notes | The classes of notes and their note interest rates and initial note principal balances are set forth in the table below. |

EXHIBIT D

December 23, 2015

To:  Aldridge Pite, LLP (debt collector)

From: Pamela M. Timbes

     304 Carnoustie

     St Simons Island, GA  31522

     Ocwen loan #7147514793

Re:  QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE & VALIDATION OF DEBT LETTER

Dear Aldridge Pite, LLP,

I dispute the entirety of the alleged debt obligation you claim I owe and the party you claim the debt obligation is owed to.  I have made this request previously to Ocwen & Aldridge Connors. I specifically asked for an investigation to find out just what entity owns the alleged debt obligation but have not gotten a response.

Per the terms of the original note I executed, there are other parties that were co-obligors to the obligation and I have no record of their payments.  A servicing history only provided records of payments made by borrowers and not of other co-obligors such as insurers, sureties, endorsers, and/or guarantors.  I have not seen evidence supporting the total of my actual debt obligation as on the alleged note owner's books and records, not servicers records.

I have conflicting information provided by Aldridge Pite as to just who the secured creditor is.

I have attempted to find out this information from the bankruptcy trustee for American Home Mortgage too but the trustee has not provided it to me.  I've requested this many times.

As the debt collector it is your responsibility to investigate this matter and provide me with the results. We all need to know if the debt has been paid, why the note was never transferred & why a fraudulent assignment was recorded. I know that your debt collection firm does not want to be involved in any type of fraud.  Until this information is provided you must stop all foreclosure activities.

Deutsche Bank does NOT have this loan. The assignment is not a legal assignment.

Please investigate and let me know if there is debt on this property that is still owed or if it has all be paid by others.


Sincerely,


Pamela M. Timbes

Ocwen #7147514793

ptimbes@gmail.com  (912)222-6773

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 15-20359 |
| | : | CHAPTER: 13 |
| PAMELA M. TIMBES | : | |
| | : | JUDGE: JOHN S. DALIS |
| Debtor(s) | : | |
| | : | |

## NOTICE OF APPEARANCE AND REQUEST FOR SERVICE OF NOTICE

TO THE COURT, THE CLERK OF THE COURT, TO THE DEBTOR(S), THE TRUSTEE, ALL CREDITORS AND ALL OTHER INTERESTED PARTIES:

The undersigned hereby files this Notice of Appearance in the above entitled matter as attorney for Secured Creditor, OCWEN LOAN SERVICING, LLC (hereinafter referred to as "Creditor") in accordance with Rule 9010(b) of the Federal Rules of Bankruptcy Procedure and hereby requests that he be served with all pleadings, court notices, motions and other documents and papers pertaining to the above captioned matter, including all notices required by Rule 2002 of the Federal Rules of Bankruptcy Procedure to the following address:

John D. Schlotter
Aldridge Pite LLP (formerly known as Aldridge Connors, LLP)
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305

Dated: June 5, 2015

/s/John D. Schlotter        .
John D. Schlotter, Bar No.: GA 629456
Attorney for Creditor
Aldridge Pite, LLP (formerly known as
Aldridge Connors, LLP)
Fifteen Piedmont Center
3575 Piedmont Road, N.E.,  Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147



CERTIFICATE OF SERVICE

I, certify that I am over the age of 18 and that on the date written below a copy of the foregoing Notice of Appearance and Request for Service of Notice was served by email or by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

The following Parties have been served via email:


The following parties have been served electronically through the court's ECF System at the email address registered with the Court:


M. Elaina Massey


The following parties have been served via U.S. Mail:




Dated: June 5, 2015                                  /s/ John D. Schlotter                    .
                                                      John D. Schlotter, Bar No.:  GA 629456
                                                     Aldridge Pite, LLP (formerly known as
                                                     Aldridge Connors, LLP)
                                                     Fifteen Piedmont Center
                                                     3575 Piedmont Road, N.E., Suite 500
                                                     Atlanta, GA 30305
                                                     Phone: (404) 994-7400
                                                     Fax: (888) 873-6147

IN THE SUPERIOR COURT OF GLYNN COUNTY
STATE OF GEORGIA

PAMELA M. TIMBES,

                   PLAINTIFF,   )  *CE 16-00061-063*

             VS.               )
                              )

DEUTSCHE BANK NATIONAL TRUST COMPANY, )
AS INDENTURE TRUSTEE FOR AMERICAN HOME )
MORTGAGE INVESTMENT TRUST 2005-3,    )
                              )

OCWEN LOAN SERVICING, LLC,      )
                              )

ALDRIDGE PITE, LLP,          )
                              )

              DEFENDANTS.   )
                              )

## LIS PENDENS NOTICE

    The above captioned case has been filed in the Superior Court of Glynn County, State of Georgia against Deutsche Bank National Trust Company. *et al* demanding equitable relief, including relief which would render any foreclosure sale as wrongful due to the fraudulent and void Assignment of Security Deed to Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2005-3 in Glynn County, GA,  with regard to the property described as

    All that certain lot, tract or parcel of land situate, lying and being in St. Simons Island Club Subdivision, Phase IX, on St. Simons Island, in Glynn County, Georgia. Described and identified according to the map and plan of said subdivision made by George P. Underwood, Jr., Georgia Registered Surveyor No. 1927, dated April 7, 1988, and recorded in Plat Drawer No. 20, designated at Map No. 224, in the Office of the Clerk of the Superior Clerk of the Superior Court of Glynn County, Georgia, as ALL OF LOT NUMBERED SEVEN(7), ST. SIMONS ISLAND CLUB SUBDIVISION, PHASE IX.

    **The above described property is also known as 304 Carnoustie, Saint Simons Island, GA  31522.**

    This **Lis Pendens Notice** has been filed and recorded as provided by law.

                                     This 4th day of January 2016

                                    *Pamela M. Timbes*

304 Carnoustie
St. Simons Island, GA   31522                  Pamela M. Timbes

# IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

PAMELA M. TIMBES,

|  |  |
|---|---|
| | ) |
| PLAINTIFF, | ) CE16-00001-063 |
| VS. | ) |
| | ) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) |
| AS INDENTURE TRUSTEE FOR AMERICAN HOME | ) |
| MORTGAGE INVESTMENT TRUST 2005-3, | ) |
| | ) |
| OCWEN LOAN SERVICING, LLC, | ) |
| | ) |
| ALDRIDGE PITE, LLP, | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

## LIS PENDENS NOTICE

The above captioned case has been filed in the Superior Court of Glynn County, State of Georgia against Deutsche Bank National Trust Company. *et al* demanding equitable relief, including relief which would render any foreclosure sale as wrongful due to the fraudulent and void Assignment of Security Deed to Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2005-3 in Glynn County, GA,   with regard to the property described as

All that certain lot, tract or parcel of land situate, lying and being in St. Simons Island Club Subdivision, Phase IX, on St. Simons Island, in Glynn County, Georgia. Described and identified according to the map and plan of said subdivision made by George P. Underwood, Jr., Georgia Registered Surveyor No. 1927, dated April 7, 1988, and recorded in Plat Drawer No. 20, designated at Map No. 224, in the Office of the Clerk of the Superior Clerk of the Superior Court of Glynn County, Georgia, as ALL OF LOT NUMBERED SEVEN(7), ST. SIMONS ISLAND CLUB SUBDIVISION, PHASE IX.

**The above described property is also known as 304 Carnoustie, Saint Simons Island, GA  31522.**

This Lis Pendens Notice has been filed and recorded as provided by law.

This 4th day of January 2016

*Pamela M. Timbes*

Pamela M. Timbes

304 Carnoustie
St. Simons Island, GA   31522