IN THE SUPERIOR COURT OF GLYNN COUNTY
STATE OF GEORGIA

PAMELA M. TIMBES,

                         PLAINTIFF,     )

          VS.                             )

                                     )

DEUTSCHE BANK NATIONAL TRUST COMPANY, )
AS INDENTURE TRUSTEE FOR AMERICAN HOME)
MORTGAGE INVESTMENT TRUST 2005-3,    )

                                     )

OCWEN LOAN SERVICING, LLC,         )

                                     )

ALDRIDGE PITE, LLP,               )
FKA ALDRIDGE CONNERS         )

                    DEFENDANTS.   )

                                     )

## VERIFIED EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

    1.  COMES NOW, Pamela M. Timbes, Plaintiff *Pro Se,* and petitions this Honorable Court for temporary injunctive relief against Defendants.

    2.  Plaintiff's Complaint against Defendants is attached and incorporated herein as Appendix A.   Said Complaint (App. A) sets forth with specificity the claims of fraud and Georgia RICO violations, *inter alia*, against the Defendants.   The current wrongful attempted foreclosure is properly brought in this Court and set forth below.   *Sale City Peanut & Milling Co. v. Planters & Citizens Bank*, 130 S.E.2d 518, 520 (Ga. Ct. App. 1963).

## JURISDICTION

3.   This Court has jurisdiction because Pamela M. Timbes is, a resident of Glynn County, Georgia.   The subject property, is located in Glynn County and the impending foreclosure sale is scheduled to take place on January 5, 2016 in Glynn County.   O.C.G.A. sec. 9-5-3(b) provides that writs of injunction may be issued by the superior courts to enjoin sales by sheriffs, at any time before a sale takes place, in any proper case made by application for injunction.

## PARTIES

4.   Plaintiff, Pamela M. Timbes is a resident of Glynn County Georgia.   Her home is located at 304 Carnoustie, St. Simons Island, GA   31522.

5.   Defendant, Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2005-3 has its principal place of business at 1761 East St. Andrew Place, Santa Ana, CA 92705.

6.   Defendant, OCWEN Loan Servicing, LLC, has its principal place of business at 1661 Worthington Road, ste. #100, West Palm Beach, FL 33409.

7.   Aldridge Pite, LLP, has its principal place of business at 15 Piedmont Center, 3575 Piedmont Road, NE, ste. 500, Atlanta, GA   30305.

## WRONGFUL FORECLOSURE

8.   The subject property is the home of Pamela M. Timbes at 304 Carnoustie, St. Simons Island, GA   31522.

9.   On December 2, 2010 Assignment of Security Deed to Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage 2005-3 Investment Trust (Exhibit

A) was filed in Glynn County.   Said Assignment was filed five (5) years after the closing of the American Home Mortgage 2005-3 Investment Trust.   Said Assignment was executed by known "robo signers", Elizabeth Boulton and Michelle Halyard.

10.   Currently, Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage 2005-3 Investment Trust is advertising in the Brunswick News, Glynn County, Georgia a Notice of Sale Under Power.   The foreclosure sale is scheduled for January 5, 2016 (Exhibit B).

11.   Under Georgia law the foreclosing party must have a valid security deed.   Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage 2005-3 Investment Trust does not hold a valid security deed to the above referenced property.   The Assignment of security deed was filed in Glynn County Georgia on December 2, 2010 and was fraudulently executed by robo signers.   Said assignment is in contravention of the PSA for the Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage 2005-3 Investment Trust and void under New York law.   The subject Assignment was prepared, executed and recorded 5 years after the closing date of the trust, rendering it void *ab initio* pursuant to N.Y. Est. Powers & Trusts Law Section 7-2.4.

12. The Assignment of Deed to Secure Debt (Exhibit A) does not represent a true purchase and sale of Pamela Timbes' Note and Security Deed from the Lender to a bona fide purchaser for value.   Rather, this Assignment was fabricated to create the impression in the public records that Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-3 had the legal right to foreclose Timbes' property.

13.   Robo signers are illegal because fraud cannot be the basis of clear title.   The Trustee's deed is void as a matter of law; notarization is a recording requirement under Georgia

Law.   Clear title may not derive from a fraud.

14.   It is the general rule that courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties.   Therefore, because the assignment of Security Deed was Robo signed, the sale is void.

## REASONS FOR GRANTING THE TRO

### A.   THERE IS A REASONABLE PROBABILITY THAT PLAINTIFFS WILL PREVAIL ON THE MERITS OF THEIR COMPLAINT.

15.   The allegations in each of the above paragraphs are incorporated by reference here.

16.   Under Georgia law "The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed …"   in order to proceed to foreclosure sale under O.C.G.A. § 44-14-162(b).

17.   Under New York law "If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void."   N.Y. Est. Powers & Trusts Law § 7-2.4.   See *Wells Fargo Bank, N.A. v. Erobobo, et al.*, 2013 WL 1831799 (N.Y. Sup. Ct. April 29, 2013). In *Erobobo*, defendants argued that plaintiff (a REMIC trust) was not the owner of the note because plaintiff obtained the note and mortgage after the trust had closed in violation of the terms of the PSA governing the trust, rendering plaintiff's acquisition of the note void. Id. at *2. The *Erobobo* court held that under § 7-2.4, any conveyance in contravention of the PSA is void; this meant that acceptance of the note and

mortgage by the trustee after the date the trust closed rendered the transfer void. Id. at 8.

18. Therefore, the Assignment (Exhibit A) of security deed to Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage 2005-3 Investment Trust which was filed in Glynn County Georgia on December 2, 2010 five years after the Closing Date, September 20, 2005, of said trust (Exhibit C), is in contravention to the PSA of the trust and is void *ab initio.*

*19.* The Assignment filed in Glynn County, GA is a fabrication for the purpose of foreclosing upon the subject property. A fraud has been perpetrated upon the Court to the detriment of Pamela Timbes.

20. Consequently, there is no valid security deed filed in Glynn County Georgia upon which Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage 2005-3 Investment Trust can proceed to foreclosure sale of the subject property under Georgia Law O.C.G.A. § 44-14-162(b).

21. Under Georgia law, the court may enjoin a non-judicial foreclosure sale where the authority to foreclose is in question. *See* Atlanta Dwellings, Inc. v. Wright, 527 S.E.2d 854, 856 (Ga. 2000); West v. Koufman, 384 S.E.2d at 666; Cotton v. First Nat'l Bank of Gwinnett Co., 220 S.E.2d 132 (Ga. 1975).

**B.   IRREPARABLE HARM WILL RESULT IF THE TRO IS NOT GRANTED.**

22. The irrefutable facts set forth in the Complaint establish that Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage 2005-3 Investment Trust is not the real party in interest with standing to proceed to foreclosure of Pamela Timbes' home. If not stopped, the non-judicial foreclosure will proceed and the sale will be held on January 5, 2016. There could be no greater harm than losing one's home to a wrongful

foreclosure.

## C.   PLAINTIFFS HAVE NOTICED DEFENDANTS OF VIOLATIONS AND HAVE MADE A GOOD FAITH EFFORT TO NOTIFY ALL PARTIES.

23.   December 2015, Aldridge Pite, LLP (formerly Aldridge Connors) advertised the foreclosure in The Brunswick News (Exhibit B).

24.   During the month of December 2015, Pamela M. Timbes, spoke with two Representatives of Aldridge Pite, LLP and informed them that Deutsche Bank National Trust Company, as trustee, did NOT have the right to foreclose. She asked them to do their own investigation and not rely on Ocwen.

25.   Pamela M. Timbes gave written notice on December 23, 2015 to the debt collector, Aldridge Pite, LLP, (known high-volumn foreclosure mill) seeking a Qualified Written Request "QWR" under 15 USC 1692 and asking them to do their own investigation (Exhibit D).

26. Aldridge Pite, LLP had previously sent a notice dated June 5, 2015, to The United States Bankruptcy Court, Southern Dist. Of GA, Brunswick Division, identifying the "secured creditor" as OCWEN LOAN SERVICING, LLC (Exhibit E); however, Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage 2005-3 Investment Trust is currently foreclosing upon the subject property.   Aldridge Pite, LLP is the foreclosing attorney. Having had knowledge of the misrepresentation, Aldridge Pitt, LLP's misrepresentation was intentional, constituting a fraud.

## MEMORANDUM OF LAW IN SUPPORT OF TRO AND/OR PRELIMINARY INJUNCTION

27.   The allegations in each of the above paragraphs are incorporated by reference here.

28.   As set forth above and in the Complaint, the Assignment of security deed filed in

Glynn County (Exhibit A) was fabricated to create the false impression that Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage 2005-3 Investment Trust had the right to foreclose upon the subject mortgage which is not in said Trust. Consequently, there is no valid security deed filed in Glynn County Georgia upon which Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage 2005-3 Investment Trust can proceed to foreclosure sale of the subject property under Georgia Law O.C.G.A. § 44-14-162(b).

29. This is an action for emergency temporary injunctive relief which is brought pursuant to O.G.C.A. sec. 9-5-1 and sec. 9-5-3, and on an emergency basis without notice pursuant to O.G.C.A. sec. 9-11-65(b).

30. O.C.G.A. sec. 9-5-1 provides that equity, by writ of injunction, may restrain any act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law.

31. O.C.G.A. sec. 9-5-3(b) provides that writs of injunction may be issued by the superior courts to enjoin sales by sheriffs, at any time before a sale takes place, in any proper case made by application for injunction.

32. Plaintiffs have a clear legal right to seek temporary and preliminary injunctive relief as Plaintiffs reside in the Property and as Defendants are seeking, through illegal and unlawful means and without satisfying the necessary legal standing requirements to institute a foreclosure, take possession, custody, and control of the Property, ultimately remove the Plaintiffs from their home.

33. Plaintiffs have no adequate remedy at law to redress the harm complained of, and the sale of the Plaintiffs' property, under the circumstances of record, is contrary to equity and

good conscience in that such sale is being instituted by parties who have no legal standing to institute or maintain the foreclosure *ab initio*.

34.   Further, Defendants are compelled by Federal law to cease debt collection until the debt has been validated.   Fair Debt Collection Practices Act:

### § 807.   False or misleading representations   [15 USC 1692e]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
….
(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

### § 809.   Validation of debts    [15 USC 1692g]

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed,…   the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the … and a copy of such verification …,is mailed to the consumer by the debt collector.

35.   O.G.C.A. sec. 9-11-65(b)(1) and (2) provide that a temporary restraining order may be granted without oral or written notice to the adverse party if it clearly appears from the specific facts shown by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and that the applicant's attorney certifies to the court, in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required.

36.   The specific facts set forth above demonstrate that Pamela Timbes has given Notice to the Defendants several times and that unless a temporary injunction against the foreclosure sale set for Tuesday, January 5, 2016 is granted, that Plaintiff will suffer the irreparable injury, loss, and damage of the loss of her home and eviction therefrom .   Focus Entertainment

International, Inc. v. Partridge Greene, Inc., 253 Ga. App. 121, 127, 558 S.E.2d 440, 446 (2001). The harm to an interest in land is deemed irreparable for purposes of injunctive relief. Westpark Walk Owners, LLC v. Stewart Holdings, LLC, 288 Ga. App. 633, 635, 655 S.E.2d 254, 257 (2007).

37.   Under the circumstances where the foreclosure sale is set for one (1) calendar day from the date of the filing of this Verified Petition for TRO the irreparable loss to the Plaintiff will result before the Defendants may be heard in opposition to the relief requested herein if the emergency relief requested herein is not granted immediately.

38.   As have no legal standing to institute or maintain a foreclosure of the subject property, there is no harm to said Defendants with the granting of the requested relief, and any claimed harm is substantially outweighed by the irreparable harm to the Plaintiff if the relief requested herein is not granted.

39.   The granting of the relief requested herein is in the public interest, as the consuming public, including Plaintiff, will continue to be harmed by the illegal and unlawful conduct of the Defendants if the relief requested herein is not granted.

40.   Under the circumstances where there is no harm to Defendants with the granting of the requested relief, no bond should be required as a prerequisite to the granting of the relief requested herein as there are no costs or other damages which could be contemplated on the part of Defendants with the granting of the requested relief for which a bond would otherwise be necessary.

WHEREFORE, Plaintiff prays unto this Court to immediately take jurisdiction of this matter and enter an Order granting a temporary restraining order and/ or preliminary injunction expressly precluding and cancelling the foreclosure sale presently scheduled for January 5, 2016

for the reasons set forth herein; and for any other and further relief which is just and proper.

Respectfully submitted this 4th day of January, 2016.

*Pamela M. Timbes*

Pamela M. Timbes

304 Carnoustie
St. Simons Island, Georgia   31522
(912) 222-6773
ptimbes@gmail.com

## **VERIFICATION**

I, Pamela M. Timbes am the Plaintiff in this action.   I have read the foregoing Verified Petition for Emergency Temporary Injunctive Relief and know the contents thereof.   Regarding the allegations of which the plaintiff has personal knowledge, the plaintiff believes them to be true.   Regarding the allegations of which the plaintiff does not have personal knowledge, the plaintiff believes them to be true based on specified information, document, or both.

*Pamela M. Timbes*

Pamela M. Timbes
Plaintiff

The foregoing has been reviewed by the undersigned, appears to be true and correct, and is hereby sworn to and subscribed under oath before me this 4th day of January, 2016 by Pamela M. Timbes who is known to me and has produced her driver's license as identification.

Notary Public, State of Georgia
County of Glynn

My commission expires: 11|14|17

Vicki M. Stokes
My Commission Expires
Notary
Public
November 14, 20__
Glynn County, Georgia

IN THE SUPERIOR COURT OF GLYNN COUNTY
STATE OF GEORGIA


PAMELA M. TIMBES,

                              PLAINTIFF,     )
              VS.                       )
                                             )

DEUTSCHE BANK NATIONAL TRUST COMPANY, )
AS INDENTURE TRUSTEE FOR AMERICAN HOME)
MORTGAGE INVESTMENT TRUST 2005-3,     )
                                             )

OCWEN LOAN SERVICING, LLC,          )
                                             )

ALDRIDGE PITE, LLP,               )
FKA ALDRIDGE CONNERS          )
                                             )
                        DEFENDANTS.   )
                                             )
_____)


## CERTIFICATE OF SERVICE


     I hereby certify that I have this day served the following parties with the **Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction.**


By placing the same in the United States Mail with sufficient postage affixed thereon to assure delivery. Additionally, email with the same attached was sent as noted above.


     Respectfully submitted this 4th day of January, 2016.


1

Pamela M. Timbes
Plaintiff Pro Se

304 Carnoustie
St. Simons Island, Georgia  31522
(912) 222-6773
 ptimbes@gmail.com

EXHIBIT A

Deed Book 2901 Page 247, Filed and Recorded 12/02/2010 at 10:45:12 AM
CFN #632010012637   Lola Jamsky Clerk of Superior Court  Glynn County,
GA

When Recorded, Return to:
Attn: Audrey DeMarlo/Foreclosure Dept/sm
McCurdy & Candler, L.L.C.
2125 Piedmont Road NE, S/c Piedmont Center, Suite 700
Atlanta, GA 30305

STATE OF ___Florida___            File No. 10-20032

COUNTY OF ___Duval___             MIN# 100314000008793076

### ASSIGNMENT OF SECURITY DEED

    FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc. as nominee
for American Home Mortgage Acceptance, Inc., its successors and assigns (hereinafter referred
to as "Assignor") hereby sells, assigns, transfers, sets over and conveys without recourse unto
Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage
Investment Trust 2005-3 (hereinafter referred to as "Assignee"), whose address is 6591 Irvine
Center Drive Irvine, CA 92618, that certain Security Deed or Deed to Secure Debt executed by
Pamela M. Timbes  to Mortgage Electronic Registration Systems, Inc. as nominee for American
Home Mortgage Acceptance, Inc., its successors and assigns  and dated June 23, 2005, recorded
in Deed Book 1706, Page 178, Clerk's Office, Superior Court of Glynn  County, Georgia,
together with the real property therein described; and also the indebtedness described in said
Deed and secured thereby,  having this day been transferred and assigned to the said Assignee
together with all of Assignor's right, title and interest in and to the said Deed, the property
therein described and the indebtedness secured; and the said Assignee is hereby subrogated to all
the rights, powers, privileges and securities vested in Assignor under and by virtue of the
aforesaid Security Deed or Deed to Secure Debt.

Deed Book 2801 Page 248

File No. 10-20032 MIN# 100314000008793076

This Assignment of Security Deed is executed on this _19_ day of _November_ , 20_10_.

Signed, sealed and delivered
in the presence of:

Mortgage Electronic Registration Systems, Inc. as
nominee for American Home Mortgage Acceptance, Inc.,
its successors and assigns

By: _Elizabeth Boulton_   Elizabeth Boulton
Its: Assistant Secretary

By: _Michelle Halyard_   Michelle Halyard
Its: Assistant Secretary

_____
Unofficial Witness  Sabrinia Wyche

_____
Notary Public

My Commission Expires: _4-30-2013_

NOTARY PUBLIC-STATE OF FLORIDA
Brenda L. Frazier
Commission # DD885641
Expires:  APR. 30, 2013
BONDED THRU ATLANTIC BONDING CO., INC.

Wow, Jones Day just created a huge mess for its client and banks generally if anyone is alert enough to act on it.

The lawsuit in question is American Home Mortgage Servicing Inc. v Lender Processing Services. It hasn't gotten all that much attention (unless you are on the LPS deathwatch beat) because to most, it looks like yet another beauty contest between Cinderella's two ugly sisters.

AHMSI is a servicer (the successor to Option One, and it may also still have some Ameriquest servicing). AHMSI is mad at LPS because LPS was supposed to prepare certain types of documentation AHMSI used in foreclosures. AHMSI authorized the use of certain designated staffers signing with the authority of AHSI (what we call robosinging, since the people signing these documents didn't have personal knowledge, which is required if any of the documents were affidavits). But it did not authorize the use of surrogate signers, which were (I kid you not) people hired to forge the signatures of robosigners.

The lawsuit rather matter of factly makes a stunning admission (note that PSA here means Professional Services Agreement, and it was the contract between AHSI and LPS, click to enlarge):

> 19.    Amendment 1 formalized what AHMSI and Defendants had been doing, and continued to do, under the PSA. Before initiating a foreclosure action for a particular property, AHMSI's local foreclosure counsel would review a title report to determine whether an assignment of mortgage needed to be recorded in the local land records at some point during a foreclosure proceeding in order to memorialize the transfer of ownership from the originating lender to the securitization trust. If so, foreclosure counsel would request an assignment on LPS's computerized foreclosure tracking system known as "LPS Desktop." Upon receiving this request, Defendants prepared the assignment based on the relevant jurisdiction's requirements and, through the system, notified local counsel that it was ready for review. If local counsel approved, the Special Officers appointed by AHMSI were authorized to sign for the assignor, and Defendants' representatives then notarized the completed assignments. When completed, Defendants would send the executed assignment documents, as well as the recording fee, to an abstractor in the relevant jurisdiction, who would hand-carry the items to the county recorder with instructions to return the recorded assignments to Defendants. Defendants employed this process to prepare, execute and record thousands of assignments for AHMSI throughout the United States, including in Texas.

Did you get it? They said that these procedures were standard between the two companie which was to "..to memorialize the transfer of ownership lender to the securitization trust" i before initiating foreclosure. If you are a regular reader of this blog, you know that is impermissibly late. The note and mortgage had to get to the trust by a clearly specified da usually 90 days after closing. As we've written numerous times, in the overwhelming majo cases, the securitization entity was a New York trust, and New York trusts are like comput

code, they can only operate exactly as stipulated. The exception was trusts by Chase and WaMu, which did allow for the originator to serve as custodian for the trust.

So AHMSI has just admitted that all of its foreclosures done with LPS were completed by the wrong party. In Alabama, wrongful foreclosures are subject to statutory damages of three time the value of the house, and recent cases have awarded much higher multiples of the property value. This little paragraph is a litigation goldmine for the right attorneys. I hope they have fun with it.

I've included the entire filing.

AHMSI v LPS File-Stamped Petition

Exhibit D

**The Brunswick News**

THE BRUNSWICK NEWS

Publication Name:
**The Brunswick News**

Publication URL:

Publication City and State:
**Brunswick, GA**

Publication County:
**Glynn**

_____

Notice Popular Keyword Category:

Notice Keywords:
**Foreclosures**

Notice Authentication Number:
**201601040813261527845
1136338044**

Notice URL:

Notice Publish Date:
Saturday, January 02, 2016

**Notice Content**

NOTICE OF SALE UNDER POWER, GLYNN COUNTY Pursuant to the Power of Sale contained in a Security Deed given by Pamela M Timbes to Mortgage Electronic Registration Systems, Inc. as nominee for American Home Mortgage Acceptance, Inc. dated 6/23/2005 and recorded in Deed Book 1706 Page 178, Glynn County, Georgia records; as last transferred to or acquired by Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-3, conveying the after-described property to secure a Note in the original principal amount of $ 771,000.00, with interest at the rate specified therein, there will be sold by the undersigned at public outcry to the highest bidder for cash before the Courthouse door of Glynn County, Georgia, within the legal hours of sale on January 05, 2016 (being the first Tuesday of said month unless said date falls on a Federal Holiday), the following described property: ALL that certain lot, tract or parcel of land situate, lying and being in St. Simons Island Club Subdivision, Phase IX, on St. Simons Island, in Glynn County, Georgia, Described and identified according to the map and plan of said subdivision made by George P. Underwood, Jr., Georgia Registered Surveyor No. 1927, dated April 7, 1988, and recorded in Plat Drawer No. 20, designated at Map No. 224, in the Office of the Clerk of the Superior Court of Glynn County, Georgia, as ALL OF LOT NUMBERED SEVEN (7), ST. SIMONS ISLAND CLUB SUBDIVISION, PHASE IX. Reference is hereby made to said map and plan and to the record thereof for further description and identification of said real property and for all other purposes. The debt secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Security Deed and by law, including attorney's fees (notice of intent to collect attorney's fees having been given). Said property is commonly known as 304 Carnoustie, Saint Simons Island, GA 31522 together with all fixtures and personal property attached to and constituting a part of said property, if any. To the best knowledge and belief of the undersigned, the party (or parties) in possession of the subject property is (are): Pamela M Timbes or tenant or tenants. Ocwen Loan Servicing, LLC is the entity or individual designated who shall have full authority to negotiate, amend and modify all terms of the mortgage. Ocwen Loan Servicing, LLC Foreclosure Loss Mitigation 1661 Worthington Road Suite 100 West Palm Beach, FL 33409 1-877-596-8580 Note, however, that such entity or individual is not required by law to negotiate, amend or modify the terms of the loan. Said property will be sold subject to: (a) any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), (b) unpaid water or sewage bills that constitute a lien against the property whether due and payable or not yet due and payable and which may not be of record, (c) the right of redemption of any taxing authority, (d) any matters which might be disclosed by an accurate survey and inspection of the property, and (e) any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above. The sale will be conducted subject to (1) confirmation that the sale is not prohibited under the U.S. Bankruptcy Code; and (2) final confirmation and audit of the status of the loan with the holder of the Security Deed. Pursuant to O.C.G.A. Section 9-13-172.1, which allows for certain procedures regarding the rescission of judicial and non-judicial sales in the State of Georgia, the Deed Under Power and other foreclosure documents may not be provided until final confirmation and audit of the status of the loan as provided immediately above. Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-3 as agent and Attorney in Fact for Pamela M Timbes Aldridge Pite, LLP (formerly known as Aldridge

Connors, LLP), 15 Piedmont Center, 3575 Piedmont Road, N.E., Suite 500, Atlanta, Georgia 30305, (404) 994-7400. 1017-660999A THIS LAW FIRM MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. 1017-660999A

Back

424B5 1 d377664_424b-5.htm AMERICAN HOME MORTGAGE SECURITIES LLC

**Prospectus supplement dated September 19, 2005 (to prospectus dated September 19, 2005)**

**$722,234,000**
**(Approximate)**

**[Logo]**

**American Home Mortgage Investment Trust 2005-3**
**Issuer**

**American Home Mortgage Servicing, Inc.**

**Servicer**

**American Home Mortgage Securities LLC**
**Depositor**

**American Home Mortgage Investment Trust 2005-3,**
**Mortgage-Backed Notes, Series 2005-3**

---

**You should consider carefully the risk factors beginning on page S-11 in this prospectus supplement.**

---

**The Trust**

The trust will consist primarily of a pool of fixed-rate and adjustable-rate mortgage loans, divided into three loan groups. The trust will issue seventeen classes of notes, fourteen of which are offered under this prospectus supplement.

**Credit Enhancement**

The notes will have credit enhancement in the form of:

- excess interest and overcollateralization;

- subordination provided to some classes of notes by other classes of notes as described in this prospectus supplement; and

- limited cross-collateralization as described in this prospectus supplement.

In addition, derivatives will be included in the trust which will cover some basis risk shortfalls on some classes of notes.

**Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of these securities or passed upon the adequacy of this prospectus. Any representation to the contrary is a criminal offense.**

**The Attorney General of the state of New York has not passed on or endorsed the merits of this offering. Any representation to the contrary is unlawful.**

UBS Securities LLC, Credit Suisse First Boston LLC, Goldman, Sachs & Co., Lehman Brothers Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated will offer the Class A, Class M-1, Class M-2, Class M-3 and Class M-4 Notes to the public, at varying prices to be determined at the time of sale. The proceeds to the depositor from the offering will be approximately 100.00% of the aggregate note principal balance of these notes, plus interest from the cut-off date on the Class II-A-2, Class II-A-3, Class II-A-4, Class III-A-1, Class III-A-3 and Class III-A-4 Notes. The expenses of the depositor are estimated to be $825,000. See "Method of Distribution" in this prospectus supplement.

**UBS Investment Bank**
    **Credit Suisse First Boston**
        **Goldman, Sachs & Co.**
            **Lehman Brothers**
                **Merrill Lynch & Co.**

**Important notice about information presented in this prospectus supplement
and the accompanying prospectus**

**You should rely only on the information contained in this document. We have not authorized anyone to provide you with different information.**

**We provide information to you about the notes in two separate documents that progressively provide more detail:**

- the accompanying prospectus, which provides general information, some of which may not apply to this series of notes; and

- this prospectus supplement, which describes the specific terms of this series of notes.

**If the description of your notes in this prospectus supplement differs from the related description in the prospectus, you should rely on the information in this prospectus supplement.**

The depositor's principal executive offices are located at 538 Broadhollow Road, Melville, New York 11747 and its phone number is (877) 281-5500.

**TABLE OF CONTENTS**

**PROSPECTUS SUPPLEMENT**

SUMMARY OF PROSPECTUS SUPPLEMENT

RISK FACTORS

THE MORTGAGE POOL
   General
   Indices on Certain of the Mortgage Loans
   Mortgage Loan Characteristics

THE MASTER SERVICER AND THE SERVICER
   Master Servicer
   Servicer

MORTGAGE LOAN ORIGINATION

ADDITIONAL INFORMATION

DESCRIPTION OF THE NOTES
   General
   Book-Entry Notes
   Interest Payments
   Principal Payments
   Overcollateralization Provisions
   Calculation of LIBOR for the LIBOR Notes
   The Derivative Contracts
   Allocation of Losses on the Mortgage Loans

YIELD ON THE NOTES
   General
   Prepayment Considerations
   Allocation of Principal Payments
   Interest Shortfalls and Realized Losses
   Note Interest Rates
   Purchase Price
   Class III-A-1 Notes Yield Considerations
   Final Scheduled Payment Date
   Optional Termination
   Weighted Average Life
   Yield Sensitivity of the Class I-A-2, Class M-1, Class M-2, Class M-3 and Class M-4 Notes

THE ISSUER

THE OWNER TRUSTEE

THE INDENTURE TRUSTEE

THE SECURITIES ADMINISTRATOR

THE MASTER SERVICING AGREEMENT AND SERVICING AGREEMENT
   Servicing and Other Compensation And Payment of Expenses
   Realization Upon Defaulted Mortgage Loans
   The Protected Accounts
   Optional Repurchase of Defaulted Mortgage Loans
   Pledge and Assignment of Servicer's Rights

THE INDENTURE
   General
   Rights Upon Event of Default
   Limitation on Suits
   Resignation and Removal of Indenture Trustee
   Optional Termination
ASSIGNMENT OF LOANS
   General
FEDERAL INCOME TAX CONSEQUENCES
   Tax Classification of the Trust and of the Notes
   Tax Consequences to Holders of the Notes
METHOD OF DISTRIBUTION
SECONDARY MARKET
LEGAL OPINIONS
RATINGS
LEGAL INVESTMENT
ERISA CONSIDERATIONS
GLOSSARY
ANNEX I
SCHEDULE A

## SUMMARY OF PROSPECTUS SUPPLEMENT

The following summary is a very broad overview of the notes and does not contain all of the information that you should consider in making your investment decision. To understand all of the terms of the notes, read carefully this entire prospectus supplement and the entire accompanying prospectus. A glossary is included at the end of this prospectus supplement. Capitalized terms used but not defined in the glossary at the end of this prospectus supplement have the meanings assigned to them in the glossary at the end of the accompanying prospectus.

| | |
|---|---|
| Issuer or Trust | American Home Mortgage Investment Trust 2005-3. |
| Title of Series | Mortgage-Backed Notes, Series 2005-3. |
| Cut-off Date | September 1, 2005. |
| Closing Date | On or about September 20, 2005. |
| Depositor | American Home Mortgage Securities LLC. |
| Seller | American Home Mortgage Acceptance, Inc., an affiliate of the depositor and the servicer. |
| Master Servicer | Wells Fargo Bank, National Association. |
| Servicer | American Home Mortgage Servicing, Inc. |
| Indenture Trustee | Deutsche Bank National Trust Company. |
| Owner Trustee | Wilmington Trust Company. |
| Securities Administrator | Wells Fargo Bank, National Association. |
| Payment Dates | Payments on the notes will be made on the 25th day of each month, or, if such day is not a business day, on the next succeeding business day, beginning in October 2005. |
| Notes | The classes of notes and their note interest rates and initial note principal balances are set forth in the table below. |

December 23, 2015


To:  Aldridge Pite, LLP (debt collector)


From: Pamela M. Timbes

    304 Carnoustie

    St Simons Island, GA  31522

    Ocwen loan #7147514793


Re:  QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE & VALIDATION OF DEBT LETTER


Dear Aldridge Pite, LLP,

I dispute the entirety of the alleged debt obligation you claim I owe and the party you claim the debt obligation is owed to.  I have made this request previously to Ocwen & Aldridge Connors. I specifically asked for an investigation to find out just what entity owns the alleged debt obligation but have not gotten a response.

Per the terms of the original note I executed, there are other parties that were co-obligors to the obligation and I have no record of their payments.  A servicing history only provided records of payments made by borrowers and not of other co-obligors such as insurers, sureties, endorsers, and/or guarantors.  I have not seen evidence supporting the total of my actual debt obligation as on the alleged note owner's books and records, not servicers records.

I have conflicting information provided by Aldridge Pite as to just who the secured creditor is.

I have attempted to find out this information from the bankruptcy trustee for American Home Mortgage too but the trustee has not provided it to me. I've requested this many times.

As the debt collector it is your responsibility to investigate this matter and provide me with the results. We all need to know if the debt has been paid, why the note was never transferred & why a fraudulent assignment was recorded. I know that your debt collection firm does not want to be involved in any type of fraud. Until this information is provided you must stop all foreclosure activities.

Deutsche Bank does NOT have this loan. The assignment is not a legal assignment.

Please investigate and let me know if there is debt on this property that is still owed or if it has all be paid by others.


Sincerely,


Pamela M. Timbes

Ocwen #7147514793

ptimbes@gmail.com  (912)222-6773

Exhibit E

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

IN RE:                                      :   CASE NO.: 15-20359
                                            :   CHAPTER: 13
PAMELA M. TIMBES                            :
                                            :   JUDGE: JOHN S. DALIS
                        Debtor(s)           :
_____      :

## NOTICE OF APPEARANCE AND REQUEST FOR SERVICE OF NOTICE

TO THE COURT, THE CLERK OF THE COURT, TO THE DEBTOR(S), THE TRUSTEE,
ALL CREDITORS AND ALL OTHER INTERESTED PARTIES:

The undersigned hereby files this Notice of Appearance in the above entitled matter as

attorney for Secured Creditor, OCWEN LOAN SERVICING, LLC (hereinafter referred to as

"Creditor") in accordance with Rule 9010(b) of the Federal Rules of Bankruptcy Procedure and

hereby requests that he be served with all pleadings, court notices, motions and other documents

and papers pertaining to the above captioned matter, including all notices required by Rule 2002

of the Federal Rules of Bankruptcy Procedure to the following address:

> John D. Schlotter
> Aldridge Pite LLP (formerly known as Aldridge Connors, LLP)
> Fifteen Piedmont Center
> 3575 Piedmont Road, N.E., Suite 500
> Atlanta, GA 30305

Dated: June 5, 2015                         /s/John D. Schlotter            .
                                            John D. Schlotter, Bar No.: GA 629456
                                            Attorney for Creditor
                                            Aldridge Pite, LLP (formerly known as
                                            Aldridge Connors, LLP)
                                            Fifteen Piedmont Center
                                            3575 Piedmont Road, N.E., Suite 500
                                            Atlanta, GA 30305
                                            Phone: (404) 994-7400
                                            Fax: (888) 873-6147



## CERTIFICATE OF SERVICE

I, certify that I am over the age of 18 and that on the date written below a copy of the foregoing Notice of Appearance and Request for Service of Notice was served by email or by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

The following Parties have been served via email:

The following parties have been served electronically through the court's ECF System at the email address registered with the Court:

M. Elaina Massey

The following parties have been served via U.S. Mail:

Dated: June 5, 2015

/s/ John D. Schlotter            .
 John D. Schlotter, Bar No.:  GA 629456
Aldridge Pite, LLP (formerly known as
Aldridge Connors, LLP)
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147