FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FEB 29 AM 11:39

CLERK
SO. DIST. OF GA.

PAMELA M. TIMBES,

          PLAINTIFF,    )      2:16-cv-00031
VS.    )
    )
DEUTSCHE BANK NATIONAL TRUST COMPANY, )
AS INDENTURE TRUSTEE FOR AMERICAN HOME )
MORTGAGE INVESTMENT TRUST 2005-3,    )
    )
OCWEN LOAN SERVICING, LLC,    )
    )
ALDRIDGE PITE, LLP,    )
FKA ALDRIDGE CONNERS    )
    )
          DEFENDANTS.    )
    )
    )

## MOTION TO REMAND

### AND

## MOTION TO STAY RULING ON DEFENDANTS MOTIONS TO DISMISS

COMES NOW Pamela M. Timbes, Plaintiff *Pro Se,* and moves this Court to remand the above captioned case to the Glynn County Superior Court to proceed as the original Case No.CE16-00001-063, on the ground that this Court lacks subject-matter jurisdiction, and moves this court to stay ruling on Defendants' motions to dismiss until there has been a ruling on jurisdiction.

In the present case, on January 5, 2016 Pamela Timbes' property was foreclosed upon in violation of O.C.G.A. § 44-14-162(b) which requires that a valid Assignment had to be filed

prior to the foreclosure sale. Consequently, Pamela Timbes filed a complaint in Glynn County Superior Court for the wrongful foreclosure of her property at 304 Carnoustie, St. Simons Island, GA. 31522. The complaint contains additional claims related to and intertwined with the wrongful foreclosure of said property.

The Rooker-Feldman doctrine has strictly limited federal district courts' authority to review state court judgments and related claims. See generally *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S.462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Because the doctrine involves subject matter jurisdiction, it predominates over other issues because, where it applies, the court cannot consider the merits of the case. See *Powell v. Powell*, 80 F.3d 464, 466-67 (11th Cir. 1996); *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). The Rooker-Feldman doctrine generally recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing state court decisions. *Ware v. Polk Cnty. Bd. of Cnty. Comm'rs*, 2010 WL 3329959, at *1 (11th Cir. Aug. 25, 2010) (citation omitted). "The doctrine applies to both federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Casale v. Tillman*, 558F.3d 1258, 1260 (11th Cir. 2009).

The Eleventh Circuit has held that the Rooker-Feldman doctrine bars federal court review of a state-court sheriff's sale:

> Further, [plaintiff] sought a declaration from the district court, and now this Court, that the state court orders authorizing the execution sale of his properties were void .... In other words, [plaintiff's] request for declaratory judgment 'complains of injuries caused by state-court judgments' and 'invites district court review and rejection of those judgments.' The Rooker-Feldman doctrine precluded the district court from engaging in such a review.

*Paletti v. Yellow Jacket Marina, Inc.*, 2010 WL 3402271, at *4 (11th Cir. Aug. 31, 2010).

In a case similar to the present case, Defendants filed a Notice of Removal in the U.S.

District Court for the District of Arizona and then moved to dismiss the complaint filed in Superior Court. The Plaintiff moved to remand. The complaint was filed to quiet title to real property alleging, *inter alia*, negligence and fraud and requested the Court to vacate the assignment of deed and the notice of foreclosure sale. The U.S. District Court for the District of Arizona remanded to the Superior Court of Maricopa County, Arizona[1] stating: "Pursuant to the Rooker-Feldman doctrine, the Court should decline to conduct an appellate-like review...". The Court also abstained *sua sponte* under the Younger Doctrine. See *Barbara J. Forde v. First Horizon Home Land Corp .et al*, CV 10-1922, Dec. 3, 2010:

> Citing the Rooker-Feldman doctrine, in a string of recent unpublished decisions the federal courts have uniformly determined that federal suits seeking the rescission of a mortgage loan contract, or alleging that a lender's malfeasance resulted in a foreclosure, belong in the state courts. The courts have reached this conclusion even when the plaintiff originates the suit in federal court and asserts a claim based on the federal Truth in Lending Act ("TILA"). See, e.g., Parker v. Potter, 368 Fed App 945 (11th Cir. 2010);.......[Multiple cases cited in other Circuits.]
> ......
>
> Under the Younger doctrine, a federal District Court must abstain from hearing a federal case when that case interferes with state judicial proceedings. Additionally, the District Courts are prevented from enjoining pending state judicial proceedings, absent extraordinary circumstances. See Middlesex County Ethics Comm., 457 U.S. at 437, 102 S. Ct. at 2524.
> ........
> It appears that there are on-going state proceedings for the foreclosure of Plaintiff's real property. Additionally, Arizona has an important interest in resolving real property issues. A ruling on the issues in Plaintiff's complaint by the Arizona Courts implicates the important interest of preserving the authority of the state's judicial system free from interference by the District Court. See, e.g., Prindable v. Lassociation of Apartment Owners of 2987 Kalakaua, 304 F. Supp. 2d 1245, 1262 (D. Haw. 2003) (finding foreclosure and ejectment proceedings are important state interests under the Younger doctrine).

*Barbara J. Forde v. First Horizon Home Land Corp .et al*, CV 10-1922, Dec. 3, 2010.

---

[1] Arizona, like Georgia, is a non-judicial foreclosure state.

In conclusion, this Honorable Court lacks jurisdiction under the Rooker-Feldman Doctrine. Because the non-judicial foreclosure of Timbes' property was a final state order, the wrongful foreclosure and related claims are not reviewable by the District Court. Furthermore, because the issues presented in the Complaint are of important state interest, this Court should abstain under the Younger Doctrine.

WHEREFORE, Plaintiff prays unto this Court:

1. To remand the above captioned case to the Superior Court, Glynn County, GA to proceed as Civil Case No. CE16-00001-063.

2. To stay Defendants' motions to dismiss until this Court rules on jurisdiction.

Respectfully submitted this 29th day of February, 2016.

*Pamela M. Timbes*
Pamela M. Timbes

304 Carnoustie
St. Simons Island, GA 31522
(912) 222-6773
ptimbes@gmail.com

*Plaintiff Pro Se*

IN THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA (BRUNSWICK)

PAMELA M. TIMBES,

                PLAINTIFF,                    )
VS.                                                                       )
                                                              )
DEUTSCHE BANK NATIONAL TRUST COMPANY, )
AS INDENTURE TRUSTEE FOR AMERICAN HOME)
MORTGAGE INVESTMENT TRUST 2005-3,             )
                                                              )
OCWEN LOAN SERVICING, LLC,                             )
                                                              )
ALDRIDGE PITE, LLP,                                                )
FKA ALDRIDGE CONNERS                                        )
                                                              )
                                       DEFENDANTS.          )
                                                                )
_____)

## CERTIFICATE OF SERVICE

      I hereby certify that I have this 29th day of February, 2016 served Defendants the within and foregoing Plaintiff Pamela M. Timbes's Motion to Remand & Motions to Stay Ruling On Defendants Motions to Dismiss by placing a true and correct copy of same in the United States Mail, with first-class postage affixed thereto, property addressed as follows:

    Defendants Deutsche Bank National Trust Company & Ocwen Loan Servicing, LLC
represented by:                Matthew R. Brooks
                                   Troutman Sanders, LLP
                                   Bank of America Plaza
                                   600 Peachtree St., NE, Ste. 5200
                                   Atlanta, GA  30308-2216

Dallas R. Ivey
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, NE
Suite 500
Atlanta, GA  30305


_____
Pamela M. Timbes
Plaintiff Pro Se

304 Carnoustie
St. Simons Island, Georgia  31522
(912) 222-6773
ptimbes@gmail.com

2