# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

PAMELA M. TIMBES,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Indenture Trustee
for American Home Mortgage
Investment Trust 2005-3; OCWEN
LOAN SERVICING, LLC; ALDRIDGE
PITE, LLP, FKA ALDRIDGE
CONNERS,

    Defendants.

CV 216-31

## ORDER

Pending before the Court is Plaintiff Pamela Timbes' ("Plaintiff") Motion to Remand (Dkt. No. 5), Defendant Deutsche Bank National Trust Company's ("Deutsche Bank") Motion to Dismiss (Dkt. No. 6) and Defendant Aldridge Pite, LLP's ("Aldridge Pite") Motion to Dismiss (Dkt. No. 10). Plaintiff has failed to respond to either of the defendants' motions. For the reasons stated below, Plaintiff's Motion to Remand (Dkt. No. 5) is **DENIED**, and Defendant Deutsche Bank's Motion to Dismiss (Dkt. No. 6) and Defendant Aldridge Pite's Motion to Dismiss (Dkt. No. 10) are **GRANTED**.

**FACTUAL BACKGROUND**

The following allegations are taken solely from Plaintiff's Complaint. Dkt. No. 1-3. Plaintiff secured title to a home on St. Simons Island, Georgia by conveying legal title by way of security deed with American Home Mortgage Investment ("American Home"). Id. ¶ 6. The assignment of this security deed to Deutsche Bank was filed on December 2, 2010. Id. ¶ 8. In December 2015, Aldridge Pite, a foreclosure firm, placed an advertisement for foreclosure regarding Plaintiff's home in the Brunswick News. Id. ¶ 7. Plaintiff alleges that she made multiple requests to all Defendants seeking written proof as to the legal holder of the security deed. Id. ¶ 9. Plaintiff alleges that Defendant Ocwen Loan Servicing, LLC ("Ocwen") was identified as the secured creditor of the property in a June 5, 2015 letter to the United States Bankruptcy Court. Id. ¶ 11. Plaintiff claims that there was no assignment of the security deed to Ocwen. Id. On January 5, 2016, Deutsche Bank foreclosed on Plaintiff's home. Plaintiff now brings multiple causes of action stemming from the foreclosure of her home against all Defendants.

**DISCUSSION**

I. **Plaintiff's Motion to Remand**

The Court first considers Plaintiff's Motion to Remand. Under 28 U.S.C. § 1441(a), a defendant in a case originally

AO 72A
(Rev. 8/82)

filed in state court may remove the case to federal district court if the district court could have exercised original jurisdiction. Under 28 U.S.C. § 1447(c), however, the case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Defendants claim that the Court has jurisdiction under 28 U.S.C. § 1331 because this case involves a federal question under the federal Fair Debt Collection Protection Act ("FDCPA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Dkt. No. 1 p. 3-4. Defendants claim that the Court may exercise supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367. Id.

Plaintiff's sole argument in support of her petition to remand is that the Court may not exercise jurisdiction over this action under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine makes it clear that federal district courts cannot review state-court final judgments because that task is reserved for state appellate courts or, in rare instances, the United States Supreme Court. D.C. Ct. of App. v. Feldman, 460 U.S. 462, 482 (1983). However, the state court judgment must be final prior to removal for the Rooker-Feldman doctrine to apply. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Further, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." Colo. River Water

Conservation Dist. v. United States, 424 U.S. 800, 813 (1976). The Court finds there are no grounds for abstention under the Rooker-Feldman doctrine here. It is undisputed that the foreclosure on Plaintiff's property was *non-judicial* in nature. Dkt. No. 5 p. 4. Therefore, the Court need not concern itself with an ongoing state court proceeding because no such proceeding has been initiated. See Fabre v. Bank of Am. Bank, NA, 523 F. App'x 661, 664 (11th Cir. 2013) (finding Rooker-Feldman abstention inapplicable when a non-judicial foreclosure had occurred but no prior state-court action had been filed). Therefore, the Court will deny Plaintiff's Motion to Remand and exercise jurisdiction over this case.

## II. Defendant Deutsche Bank and Aldridge Pite's Motions to Dismiss

Defendants Deutsche Bank and Aldridge Pite now move separately to dismiss Plaintiff's Complaint. When ruling on a Rule 12(b)(6) motion to dismiss, a district court must accept as true the facts set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain

4

either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Additionally, because Plaintiff is acting pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

Counts I-IV of Plaintiff's claims rely heavily on the allegation that Deutsche Bank received the security deed via "fraudulent" assignment. See generally Dkt. No. 1-3. The Court has reviewed the security deed referenced in Plaintiff's Complaint. Dkt. Nos. 6-1.[1] The agreement indeed granted American Home and its assigns the "power of sale" over the

---

[1] On a motion to dismiss, the Court may look outside the pleadings and properly consider documents that are central to the Plaintiff's complaint and undisputed in authenticity. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). Plaintiff's claim is entirely based upon the allegation that the assignment to Deutsche Bank is void and, presumably, that this makes the Security Deed unenforceable. Plaintiff has not disputed the authenticity of the security deed, but does dispute the authenticity of the assignment contract.

5

property.² Dkt. No. 6-1 p. 1-3. Here, Plaintiff does not challenge the validity of the security deed. She does, however, challenge the validity of the assignment of rights of the security deed to Deutsche Bank. She argues that this document was fraudulently created in order to foreclose on her property. Dkt. No. 1-3 ¶ 4. Even assuming that this is true, Plaintiff's claim still fails.

At the outset, the Court notes that Counts I through IV of Plaintiff's claims sound in fraud. As such, these allegations are subject to the higher pleading standard imposed by Federal Rule of Civil Procedure 9(b). To satisfy Rule 9(b) in a civil action involving a scheme to defraud, a plaintiff must identify "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled [Plaintiff]; and (4) what the defendants gained by the alleged fraud." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997). When the alleged fraud involves multiple defendants, Rule 9(b) requires that the plaintiff plead sufficient facts to "inform each defendant of the nature of [its] alleged participation in the fraud." Id. (quoting Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 777-78 (7th Cir. 1994)).

---

² A "power of sale" means the ability to conduct a non-judicial disclosure, which is what ultimately occurred in this case.

Plaintiff fails to satisfy this heightened pleading standard. Plaintiff plainly fails to state the time, place, and person responsible for the allegedly fraudulent assignment. Furthermore, she fails to state how she was misled by the alleged fraud as a non-party to the assignment contract. As such, Plaintiff fails the heightened pleading standard of Rule 9(b) and Counts I-IV of her Complaint must be dismissed.

Regardless, a third-party has no standing to challenge an assignment of rights between an assignor and an assignee. Woodberry v. Bank of Am., N.A., No. 1:11-CV-3637-TWT, 2012 WL 113658 at *2 (N.D. Ga. Jan. 12, 2012) (citing Haldi v. Piedmont Nephrology Assocs., 641 S.E.2d 298 (Ga. Ct. App. 2007)). Furthermore, this principle applies under circumstances where the third-party's property has been foreclosed upon by the assignee. Montoya v. Branch Banking & Tr. Co., No. 1:11-CV-01869-RWS, 2012 WL 826993, at *4 n.3 (N.D. Ga. Mar. 9, 2012) (citing Breus v. McGriff, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991)). Therefore, Plaintiff has no standing to challenge the allegedly fraudulent assignment. This finding is fatal to Count I (Fraud), Count II (Petition to Void Assignments), Count III (Wrongful Foreclosure) and Count IV (State and Federal RICO

AO 72A
(Rev. 8/82)

claims).³ All four counts are based upon the allegation that the assignment was fraudulent, and these claims will be dismissed.⁴

Lastly, the Court turns to Plaintiff's FDCPA claims against Aldridge Pite. The purpose of the FDCPA is to prohibit debt collectors from using abusive debt collection practices. 15 U.S.C. § 1692(e). The FDCPA requires "debt collectors" to send "consumers" written notice containing information related to the debt owed within five days of attempting to collect a debt. 15 U.S.C. § 1692g(b). Therefore, Plaintiff must plausibly allege that (1) Aldridge Pite is a debt collector and (2) the challenged conduct is related to debt collection. Saint Vil v. Perimeter Mortg. Funding Corp., 630 F. App'x 928, 930 (11th Cir. 2015). Plaintiff does not allege that Aldridge Pite is a debt collector, nor does she allege that at any point in time the firm attempted to collect a debt in its communications with her. Aldridge Pite appears to have sent Plaintiff a notice letter notifying her of the non-judicial foreclosure of her property. To the extent Plaintiff argues that this constitutes an attempt to collect a debt, this argument must fail. Aldridge Pite was required to send a notice of foreclosure under Georgia law, and this does not constitute an attempt to collect a debt. Id. at

---

³ Plaintiff similarly lacks standing to challenge the "Master Servicing and Trust Agreement" because she does not allege she was a party to it, either.
⁴ Plaintiff also claims that she sought "written proof" as to the holder of the security deed. It is unclear whether Plaintiff attempts to make this out as a separate claim. However, the Court can discern no legal basis for requiring Deutsche Bank to tender the security deed prior to foreclosure.

931-32. Therefore, Plaintiff's FDCPA claims must also fail. As such, the Court will dismiss Plaintiff's claim in its entirety.

## CONCLUSION

For the reasons set forth above, Defendant Deutsche Bank's Motion to Dismiss or in the Alternative, Judgment on the Pleadings (Dkt. No. 6) and Aldridge Pite's Motion to Dismiss (Dkt. No. 10) are hereby **GRANTED**. Furthermore, Plaintiff's Motion to Remand (Dkt. No. 5) is hereby **DENIED**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment and to close this case.

**SO ORDERED**, this 13th day of January, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA